**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **GENESIS JAVIELIS JHAILYN VILLEGAS VILLEGAS,** | § | |
| **Petitioner,** | § | |
| | § | **EP-26-CV-02627-DB** |
| **v.** | § | |
| | § | |
| **WARDEN,** *El Paso Processing Center, et al.*, | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Petitioner Genesis Javielis Jhailyn Villegas Villegas's ("Petitioner") "Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction" ("Application"), ECF No. 2,[1] filed on October 23, 2026. This Application was filed in conjunction with a "Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" ("Petition"), ECF No. 1. Petitioner previously filed a habeas petition in the Central District of California ("California Petition"), which was dismissed for lack of jurisdiction. *See* Order Denying Application for Temporary Restraining Order, *Villegas Villegas v. Johnson, et al.*, 5:26-CV-06153-DMK (C.D. Cal. October 18, 2026), ECF No. 3.

In her Application, Petitioner asks the Court to determine whether jurisdiction is proper in the Western District of Texas, or whether her case should be transferred back to the Central District of California. ECF No. 2 at 2–3. It is undisputed that Petitioner is currently detained by United States Immigration and Customs Enforcement ("ICE") at the El Paso Processing Center in the Western District of Texas. ECF No. 2 at 2. Despite this, Petitioner claims there is an issue as to "where Petitioner was between October 17, 2026[,] and October 18, 2026[,] when her

[1] All references in this Order are to the docket in case EP-26-CV-02627-DB unless otherwise noted.

counsel filed the initial [Petition] in the Central District of California." *Id.* at 2. If the Court finds jurisdiction is not proper in this District, Petitioner asks the Court to transfer the case "back to the Central District of California, or in the alternative[,] instruct Respondents to immediately release Petitioner." *Id.* at 20. However, both of these remedies are completely inapplicable at the TRO stage. The purpose of a TRO is to *maintain* the status quo, not change it. *Rios v. Garite*, No. EP-25-CV-00744-DCG, 2026 WL 973075, at *1 (W.D. Tex. Apr. 9, 2026). Furthermore, Petitioner already seeks and briefs the exact same relief, and more, in her Petition. *See id.* ("[W]here a motion for a TRO seeks the same relief as a pending habeas petition, the court must deny the motion—otherwise, the motion for immediate release would function as a form of accelerated review, circumventing the habeas process." (internal quotation marks and citations omitted)). Nevertheless, the Court will decide the jurisdictional question raised in the Application here.

Petitioner claims that habeas jurisdiction lies in California pursuant to the "unknown custodian" exception for detainees in transit because it is "arguable" whether Petitioner was at the El Paso Service Processing Center at the time Petitioner's counsel, Ms. Christine Brito, filed the California Petition. *See* ECF No. 2 at 2; ECF No. 2-1 at 3. Generally, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). However, when information about a detainee's location becomes difficult to determine, courts apply the "unknown custodian" exception, where "the last known district of confinement—on the day in question—is an appropriate place to file a habeas petition." *Flores-Linares v. Bondi*, No. 26-CV-00298-SJB, 2026 WL 179208, at *4 (E.D.N.Y. Jan. 22, 2026). Thus, "if the government moves a

detainee from a district and their attorney cannot discover their location with reasonable inquiry, that attorney must be able to file a habeas petition in the detainee's last-known location against their ultimate custodian." *Id.* (citing *Suri v. Trump*, No. 25-1560, 2025 WL 1806692, at *6 (4th Cir. July 1, 2015)).

Here, however, it appears Petitioner's location was known to Ms. Brito at the time the California Petition was filed. According to Ms. Brito, she first learned of Petitioner's transfer from the Adelanto Detention Center in the evening of October 17, 2026. ECF No. 2-1 at 2–3. Ms. Brito filed the California Petition in the early hours of October 18, 2026—at approximately 1:21 a.m. That same day, the California federal court dismissed the California Petition citing "lack of jurisdiction, because Petitioner was physically in Texas." ECF No. 2-1 at 3. And a review of those proceedings reveals that Petitioner's counsel was informed of Petitioner's transfer from Adelanto to El Paso, Texas, on October 17, 2026, a day before Petitioner's counsel filed the California Petition on October 18, 2026.[2] *See* Order Denying Application for Temporary Restraining Order, *Villegas Villegas v. Johnson, et al.*, 5:26-CV-06153-DMK (C.D. Cal. October 18, 2026), ECF No. 3 at 1 ("On October 17, 2026, counsel was informed that Petitioner has been transferred from Adelanto to El Paso, Texas." (citing California Petition, ECF No. 1 ¶ 13)). Thus, Petitioner cannot rely on the "unknown custodian" exception to justify transfer of the instant case

[2] Counsel is hereby cautioned that the Court will not tolerate factual misrepresentations made in any papers filed in this Court. Attorney Christine Brito ("Attorney Brito") declared, under penalty of perjury pursuant to 28 U.S.C. § 1746, that "[i]t is arguable whether Petitioner was at the El Paso Service Processing Center at the time [Attorney Brito] first filed the [California Petition]." *See* ECF No. 2-1 ¶ 11. This attestation stands in *direct* contradiction to the California federal court's determination that Petitioner's counsel was, in fact, aware of Petitioner's location in El Paso on October 17, 2026, a day *before* Petitioner's counsel filed the California Petition. *See Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255, 265 ("Under certain circumstances, however, an isolated factual misrepresentation may serve as the basis for [Rule 11 sanctions].").

to the Central District of California, and jurisdiction is thus proper in the Western District of Texas.

To the extent Petitioner alleges that her transfer from Adelanto to El Paso was part of a "retaliatory and concerted effort by Respondents," ECF No. 2 at 2, as the California federal court already explained to Petitioner, even if this allegation were true, it does not provide a basis for jurisdiction. In *Padilla*, the Supreme Court rejected the argument that the Government's unlawful conduct creates an exception to the jurisdictional district of confinement rule. *See Padilla*, 542 U.S. at 448 (noting that the dissent "cites no authority whatsoever for its extraordinary proposition that . . . jurisdiction might be premised on 'punishing' alleged Government misconduct."). This Court likewise declines to premise jurisdiction on alleged misconduct by the Government. Therefore, Petitioner's Motion must be denied.

Accordingly, **IT IS HEREBY ORDERED** Petitioner's "Petitioner's Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction," ECF No. 2, is **DENIED**.

SIGNED this 30th day of October, 2026.

**For THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**